UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LOWER CAMERON HOSPITAL SERVICE DISTRICT ET AL** | **CASE NO. 2:22-CV-05433** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INDEPENDENT SPECIALTY INSURANCE CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court are a Motion to Opt Out of Streamlined Settlement Process [doc. 13] and a Motion to Compel Arbitration and Stay Litigation [doc. 14] filed by defendants Independent Specialty Insurance Company and Interstate Fire & Casualty Company, which were stayed pending completion of discovery. *See* doc. 19. Also before the court is a Motion to Lift Stay and Reset Briefing Deadlines [doc. 29] filed by plaintiff Lower Cameron Hospital Service District. In the meantime, the Louisiana Supreme Court held in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.*, 395 So.3d 717 (La. 2024), that (1) La. R.S. § 22:868(D) does not repeal Subsection A's prohibition against arbitration clauses in insurance policies and (2) under state law, a domestic insurer may not use equitable estoppel to enforce an arbitration clause through the Convention. The Fifth Circuit then under consolidated appeals from this court in *Town of Vinton v. Indian Harbor Insurance Company*, 161 F.4th 282 (5th Cir. 2025), that its prior decision, *Bufkin Enterprises v. Indian Harbor Insurance Co.*, 96 F.4th 726 (5th Cir. 2024), was "flawed and not supported by Louisiana law." *Town of Vinton*, 161 F.4th at 288 (quoting *Calcasieu*

*Parish*, 395 So.3d at 729)). As explained in *Calcasieu Parish*, La. R.S. § 22:868 "prohibits the use of arbitration clauses in Louisiana-issued insurance policies" and "because equitable estoppel cannot contravene Louisiana positive law, [the statute] precludes the use of estoppel to compel arbitration here." *Id.* (internal quotations omitted).

The legal issues decided in *Calcasieu Parish* and *Town of Vinton* are dispositive of those presented in defendants' Motion to Stay and Motion to Compel Arbitration. Accordingly, the court requires no further briefing and hereby **ORDERS** that both motions [doc. 14] be **DENIED** while the Motion to Lift Stay [doc. 29] is **GRANTED** and the Motion to Reset Briefing Deadlines [*id.*] is **DENIED AS MOOT**. Due to the age of this case, the court sees no need for the parties to proceed under the streamlined settlement process outlined in the Case Management Order [doc. 4]. Thus, **IT IS FURTHER ORDERED** that the Motion to Opt Out [doc. 13] be **GRANTED**. A separate scheduling order will be issued, setting this matter for bench trial before the undersigned on August 10, 2026.

**THUS DONE AND SIGNED** in Chambers on the 20th day of January, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**