UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LOWER CAMERON HOSPITAL SERVICE     CASE NO.  2:22-CV-05433
DISTRICT ET AL

VERSUS                                              JUDGE JAMES D. CAIN, JR.

INDEPENDENT SPECIALTY                    MAGISTRATE JUDGE LEBLANC
INSURANCE CO ET AL

<u>**MEMORANDUM RULING**</u>

Before the court is a Motion for Partial Summary Judgment [doc. 52] filed by defendants Independent Specialty Insurance Company ("ISIC") and Interstate Fire & Casualty Company ("Interstate") (collectively, "defendants" or "domestic insurers"). The motion is regarded as unopposed.

**I.**
**BACKGROUND**

This suit arises from hurricane damage to commercial property owned by plaintiffs in Cameron Parish, Louisiana, following Hurricane Laura in August 2020. At all relevant times the property was insured under a surplus lines policy with a maximum limit of liability of $24,164,150.00. *See* doc. 1, att. 2, pp. 11–12. Plaintiffs contend that the insurers subscribing to the policy failed to timely or adequately compensate them for their covered losses. They filed suit against only the domestic insurers, ISIC and Interstate, in state court, raising claims of breach of contract and bad faith. Doc. 1, att. 1. They did not raise any allegations against the foreign insurers subscribing to the policy, Certain Underwriters at

Lloyd's, London (Consortium #9226) ("Lloyd's"), which hold a participation rate of 32.00% in the policy's coverage. *See* doc. 1, att. 2, p. 98. Instead, plaintiffs specifically "release[d] any and all claims arising under the separate policy and contract issued by [Lloyd's]" and affirmed that they "[had] not and will not assert civil suit against Lloyd's under said policy and contract." Doc. 1, att. 1, ¶ 28.

The domestic insurers removed the matter to this court and sought to compel arbitration. Doc. 14. The undersigned denied the motion, noting:

> [T]he Louisiana Supreme Court held in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.*, 395 So.3d 717 (La. 2024), that (1) La. R.S. § 22:868(D) does not repeal Subsection A's prohibition against arbitration clauses in insurance policies and (2) under state law, a domestic insurer may not use equitable estoppel to enforce an arbitration clause through the Convention. The Fifth Circuit then under consolidated appeals from this court in *Town of Vinton v. Indian Harbor Insurance Company*, 161 F.4th 282 (5th Cir. 2025), that its prior decision, *Bufkin Enterprises v. Indian Harbor Insurance Co.*, 96 F.4th 726 (5th Cir. 2024), was "flawed and not supported by Louisiana law." *Town of Vinton*, 161 F.4th at 288 (quoting *Calcasieu Parish*, 395 So.3d at 729)). As explained in Calcasieu Parish, La. R.S. § 22:868 "prohibits the use of arbitration clauses in Louisiana-issued insurance policies" and "because equitable estoppel cannot contravene Louisiana positive law, [the statute] precludes the use of estoppel to compel arbitration here." *Id.* (internal quotations omitted).

Doc. 37, pp. 1–2.

The domestic insurers appealed this ruling, and plaintiffs sought summary affirmance before the Fifth Circuit. In so doing, they confirmed that "[n]o foreign insurers are involved" in this litigation. Doc. 52, att. 7, p. 4. The Fifth Circuit granted summary affirmance. Doc. 43. In opposing defendants' motion to continue the trial, plaintiffs again stated that they had "released their claims against the foreign insurer . . . ." Doc. 46, p. 1.

The matter is set for bench trial before the undersigned on August 10, 2026. Doc. 38. The domestic insurers now seek partial summary judgment to the effect that plaintiffs are limited to the domestic insurers' share of liability under the policy and may not seek recovery based on the foreign insurers' 32% share of liability, including for any alleged bad faith claims. Plaintiffs have not filed any opposition to the motion within the response time provided. The motion is therefore regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

As confirmed under the plain language of the policy and plaintiffs' multiple affirmations on the record that they have released their claims against Lloyd's, plaintiffs may not seek recovery based on the 32 percent share of the maximum limit of liability held by Lloyd's. Accordingly, defendants are entitled to declaratory judgment to the effect that plaintiffs' recovery is limited by the policy limits after deducting the percentage of any and all amounts attributable to the amounts subscribed to under the Policy by the foreign insurers (32%), including any alleged bad faith attributable to them for purposes of any prior payments and/or alleged payments still owed, which represents that portion of liability attributable to the foreign insurers' percentage of the risk under the Policy.

Page 4 of 5

## IV.
### CONCLUSION

The Motion for Partial Summary Judgment [doc. 52] will be granted and declaratory judgment will be entered for defendants as described above.

**THUS DONE AND SIGNED** in Chambers on the 11th day of June, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**